NOT DESIGNATED FOR PUBLICATION

No. 120,419

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCAS GENE MOBLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 14, 2020. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Lucas Gene Mobley appeals from the denial of his motion to withdraw his pleas to 14 different drug-related offenses as a part of a global plea agreement to settle several charges arising out of several different criminal cases pending against him. Following his pleas, the district court sentenced him to 150 months in prison followed by a 36-month postrelease supervision period. Having carefully reviewed the record, we find no abuse of discretion by the district court and affirm the denial of Mobley's motion to withdraw his pleas.

1

From September 2016 through February 2018, Mobley was charged in seven different criminal cases before the Reno County District Court. On April 26, 2018, as part of a plea agreement, the pending cases were consolidated into one case after the State filed an amended complaint charging Mobley with 14 different offenses stemming from each of Mobley's criminal cases. Specifically, the amended complaint charged Mobley with three counts of possession of methamphetamine, three counts of possession of drug paraphernalia with the intent to package methamphetamine for sale, one count of possession of more than 100 grams of methamphetamine with the intent to distribute, one count of possession of at least 3.5 grams but less than 100 grams of methamphetamine with intent to sell, one count of aggravated assault on a law enforcement officer, two counts of sale of at least 3.5 grams but less than 100 grams of methamphetamine, one count of criminal carrying of a shotgun with a barrel less than 18 inches in length, and two counts of possession of marijuana with one prior conviction. The State dismissed all remaining charges stemming from Mobley's other cases.

The State presented the amended complaint to Mobley's counsel, Shannon Crane, on April 25, 2018. In addition to consolidating Mobley's seven cases, the State proposed recommending the standard sentence for each felony conviction and 12 months for each misdemeanor. The State further proposed to recommend that these sentences run concurrently. The State also agreed that Mobley could file a motion for dispositional departure, but the State would be free to oppose such a motion at sentencing. Crane discussed the specifics of the proposed plea agreement with Mobley before his preliminary hearing on April 26, 2018. Crane informed Mobley that this proposal was "better than anything [they] had hoped." After discussing the deal with Crane, Mobley agreed to take it.

At the hearing, the State read the terms of the plea agreement into the record. The district court confirmed with both Crane and Mobley that this was their understanding of the plea deal. Mobley then voluntarily waived a preliminary hearing, and the district court proceeded to arraignment. The court read the 14 charges aloud to Mobley and informed him of the sentencing ranges for each charge. The court asked Mobley if he understood what he was being charged with and what all the possible penalties were for each charge. Mobley confirmed he understood. Mobley then entered guilty pleas to all 14 counts. The district court found that Mobley entered these pleas voluntarily, knowingly, intelligently, and understandingly. The court further asked if Mobley was satisfied with Crane's services, and he said he was. The court ordered a presentence investigation report and set the matter for sentencing.

Before sentencing, Mobley filed a motion for dispositional departure, asking the district court to sentence him to a term of probation instead of imposing the presumptive prison sentence. Specifically, Mobley argued that the court should grant his motion given his lack of criminal history and his young age at the time he committed most of his prior crimes. He also argued that probation would give him the opportunity to seek treatment for his severe drug addiction. At sentencing, the State opposed the motion, arguing that Mobley was a primary drug distributor in the jurisdiction for several years, he profited from selling drugs to addicts in the community, and he used firearms in committing his crimes. After considering the evidence, the district court denied Mobley's dispositional departure motion, finding that the safety and protection of the community outweighed Mobley's need for treatment. The district court sentenced him to 150 months in prison and 36 months' postrelease supervision.

On July 3, 2018, Mobley filed a pro se motion to withdraw his guilty pleas. Mobley argued that Crane was ineffective because she led him to believe that the State would not oppose a motion for dispositional departure if he pled guilty to all 14 counts and that he would be placed on probation given his lack of criminal history.

At the hearing conducted on his motion, Mobley's new counsel called Crane as a witness. On direct examination, Crane testified that she was unsure if she ever sent a written plea agreement to Mobley but noted that she spoke with him about it at length before his plea hearing on April 26, 2018. She further testified that she never told Mobley that the State would not oppose his departure motion. To the contrary, Crane stated she informed Mobley that the State would request that he go to prison.

On cross-examination, the State introduced an April 25, 2018 e-mail to Crane regarding the plea agreement. Crane confirmed the e-mail said the State would oppose any departure motion Mobley filed and that she believed she went over it with Mobley. Crane further confirmed that at the plea hearing, the State specifically noted on the record it would oppose any departure motion. She testified that she also specifically told Mobley that the State would oppose a dispositional or durational departure motion. Additionally, Crane noted that at the plea hearing the district court asked both Crane and Mobley if this was their understanding of the plea agreement, and they both confirmed to the court that it was.

After considering Crane's testimony and the evidence presented, the district court denied Mobley's motion to withdraw his guilty pleas. Specifically, the court found that there was no evidence of manifest injustice because Mobley had a favorable plea agreement that he voluntarily accepted, nothing in Crane's testimony indicated that her representation fell below a reasonable standard of practice, and the State clearly indicated it would oppose any departure motion. Mobley has timely appealed the district court's denial of his motion.

ANALYSIS

Mobley contends the district court should have granted his postsentencing motion to withdraw his guilty pleas because his defense counsel was ineffective. "To correct

4

manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2018 Supp. 22-3210(d)(2). The Kansas Supreme Court has determined "manifest injustice" to mean "'obviously unfair'" or "'shocking to the conscience.'" *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). When determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing, a district court considers:  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006); see *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

When the basis for the claim is ineffective assistance of counsel, a defendant must meet constitutional standards to demonstrate manifest injustice. *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). In other words, a defendant must establish that counsel's performance fell below the objective standard of reasonableness, and there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 292 Kan. at 245-46. When a defendant seeks to withdraw a plea, the defendant must show that, but for counsel's unreasonably deficient performance, the defendant would not have entered a plea and would have insisted on going to trial. *State v. Morris*, 298 Kan. 1091, 1103-04, 319 P.3d 539 (2014).

Generally, we will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *Johnson*, 307 Kan. at 443. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). A defendant bears the burden to demonstrate such an abuse. *Morris*, 298 Kan. at 1100.

On appeal, Mobley specifically claims his defense counsel was ineffective because she failed to fully advise him as to the range of all possible and likely penalties to enable Mobley to make an informed voluntary decision about his plea. Mobley makes various contentions which he alleges support this claim: Crane led Mobley to believe that the State would not oppose a departure motion and that the district court would likely grant the motion given his lack of criminal history, Crane did not provide Mobley a written copy of the plea agreement, Crane did not remember if she ever told Mobley that the State could discuss the facts of the case in opposing a departure motion, and Crane could not remember if she told Mobley that he would be required to register as an offender as part of the plea deal. He argues that these instances establish that Crane's representation fell below an objective standard of reasonableness and that, but for these instances, he would not have entered into the plea agreement. For these reasons, Mobley contends he established the requisite manifest injustice and that the court erred in denying his motion to withdraw the guilty pleas.

However, the record clearly shows that Mobley has failed to establish the requisite manifest injustice necessary to withdraw his pleas. After the State presented Crane with the proposed plea agreement, Crane testified she discussed the details of the agreement with Mobley. Crane informed Mobley that it was the best offer Mobley could have hoped for. Crane also informed Mobley at this time that the State would likely oppose any departure motion Mobley would file. After discussing the deal with Crane, Mobley agreed to take it.

At Mobley's plea hearing, the State read the plea agreement into the record, specifically noting that the State would recommend the standard sentence for each felony conviction and 12 months for each misdemeanor conviction, that the State would recommend that the sentences run concurrently, and that the State would be free to oppose a motion for dispositional departure. The district court confirmed with both Crane and Mobley that this was their understanding of the plea deal. The district court engaged

6

in a lengthy colloquy with Mobley in which it informed him of the charges against him, all possible sentencing ranges for each charge, the possible pleas he could enter, what Mobley's rights were, and whether Mobley understood the plea agreement and his rights. Mobley told the court that he understood his rights and the plea deal, and Mobley then pled guilty to all 14 counts. The court further asked if Mobley was satisfied with Crane's services, and he said he was.

Crane filed a motion for dispositional departure before the sentencing hearing asking the district court to send Mobley to drug treatment instead of prison. Even before the State made the plea offer, Crane discussed the possibility of filing a motion for departure with Mobley and informed Mobley he would need to obtain a drug and alcohol assessment. Crane was able to arrange a drug and alcohol evaluation for Mobley on May 23, 2018—a month before his sentencing hearing. Crane included the evaluation in the motion for departure. Crane argued in the motion that the district court should consider a dispositional departure because of Mobley's severe drug addiction, the fact that he committed most of his crimes when he was young, and his lack of a criminal history. Crane again informed Mobley that the State would oppose the departure motion, and in fact, the State would likely ask for him to go to prison. At the sentencing hearing on June 21, 2018, the State indeed opposed Mobley's motion. After considering the evidence, the district court denied the motion and sentenced Mobley to 150 months in prison.

At the hearing on Mobley's pro se motion to withdraw his plea, Crane was the only witness called to testify. While Crane noted that she did not recall ever sending Mobley a written plea agreement, she testified that she went over the details of the plea deal with Mobley before his plea hearing. She further testified that she never told Mobley the State would not oppose the departure motion—in fact, she specifically told Mobley that the State would likely oppose the motion and recommend a prison sentence. After considering Crane's testimony, the court found Crane to be credible. The district court

7

specifically ruled that there was nothing in Crane's testimony indicating her representation of Mobley fell below the reasonable standard of practice required for a criminal attorney. Specifically, the court found that Crane secured a favorable plea deal, Mobley was informed of the details of the plea deal, Mobley accepted the plea deal, and the State clearly indicated it would oppose any departure motion Mobley filed.

Mobley does not raise any arguments in his brief on appeal establishing that the district court abused its discretion in denying his motion. In fact, the record shows that Crane was not ineffective: she informed Mobley of the plea agreement, Mobley knowingly and voluntarily accepted the plea agreement, she informed Mobley on more than one occasion that the State would oppose any departure motion, and she and the district court informed Mobley of his rights. The district court considered Crane's testimony and the evidence presented at the August 27, 2018 hearing and concluded that Crane provided reasonable representation. Mobley fails to present any evidence showing that no reasonable person would take the view the district court adopted or that the district court's denial was based on an error of law or fact. Thus, because Mobley cannot establish the district court abused its discretion, we affirm the district court's denial of Mobley's motion to withdraw pleas for failure to establish the requisite manifest injustice.

Affirmed.